# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MARCH 1998 SESSION



FILED

June 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9706-CC-00213 |
| Appellant, | ) | |
| | ) | LAUDERDALE COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER, |
| JAMES E. THOMPSON, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habitual Motor Vehicle Offender) |


**FOR THE APPELLANT:**

JOHN KNOX WALKUP
Attorney General and Reporter

KENNETH W. RUCKER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 Market Street
P.O. Box 563
Somerville, TN 38068

**FOR THE APPELLEE:**

ROBERT G. MILLAR
802 Troy Avenue
P.O. Box 507
Dyersburg, TN 38025-0507


**OPINION FILED:** _____


**REVERSED AND REMANDED**


**JERRY L. SMITH,**
**JUDGE**

**OPINION**

The State of Tennessee appeals the order of the trial court dismissing its petition to have the defendant, James E. Thompson, declared an Habitual Motor Vehicle Offender (HMVO) pursuant to Tenn. Code Ann. § 55-10-603. We reverse the ruling of the trial court and remand the case for further proceedings consistent with this opinion.

**I.**

The defendant was arrested on three (3) separate occasions in 1993 and 1994 for driving under the influence of an intoxicant and was convicted the same years. The second and third convictions were <u>adjudicated</u> on the same day, although <u>committed</u> on different days. The District Attorney General filed a petition to have the defendant classified as an HMVO. A hearing was held where the defendant, represented by counsel, admitted that the convictions were valid. Although acknowledging the validity of the three (3) prior DUI convictions in 1993 and 1994, the trial court declined to declare the defendant an HMVO noting:

> (1) all three (3) DUI convictions were treated as first offenses by the respective courts; and
>
> (2) the rehabilitative efforts and present circumstances of the defendant indicate that an HMVO declaration would be inappropriate.

The state appeals this ruling.

**II.**

Habitual offender status may be conferred upon one who, during a three (3) year period, is convicted of three (3) or more of the offenses enumerated in Tenn. Code Ann. § 55-10-603(2)(A)(Supp. 1997). Driving an automobile under the influence of an intoxicant, Tenn. Code Ann. § 55-10-401, is one of the listed

2

offenses. Tenn. Code Ann. § 55-10-603(2)(A)(viii)(Supp. 1997).

Tenn. Code Ann. § 55-10-603 does not allow discretion in the trial court. If a defendant is found to have been validly convicted of the requisite number of enumerated offenses within the applicable time period, the defendant will be declared an HMVO. *See* Tenn. Code Ann. § 55-10-613(a). Rehabilitation efforts and the present circumstances of a defendant are irrelevant to the HMVO declaration.

The trial court erroneously considered the two (2) convictions adjudicated on the same day as one (1) offense. The Habitual Offender Act does provide that offenses <u>committed</u> on the same day will count as one offense for the purposes of HMVO status. Tenn. Code Ann. § 55-10-604(b). The defendant, however, was arrested for driving under the influence of an intoxicant on three (3) separate occasions. The dates of adjudication are of no relevance except in determining the applicable period in which the convictions must occur to have HMVO status conferred. *See* Tenn. Code Ann. § 55-10-604(c).

Furthermore, the fact that the prior convictions were treated by the respective courts as first offenses is irrelevant. Habitual offender status simply requires three (3) convictions of the enumerated offenses, committed on different dates, within the three-year period. *See* Tenn. Code Ann. §§ 55-10-603(2)(A), 604(Supp. 1997).

Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
**JERRY L. SMITH, JUDGE**


**CONCUR:**                              4


_____
**GARY R. WADE, PRESIDING JUDGE**



**Not Participating**[1]_____
**JOE B. JONES, JUDGE**

_____

[1]Presiding Judge Joseph B. Jones died on May 1, 1998. This court is indebted to Judge Jones for his lifetime of contribution to the bench and bar of this State.